J-S67002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IRVIN LEANDRO RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 855 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 25, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004211-2018

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 07, 2020**

Appellant, Irvin Leandro Rodriguez, appeals from the judgment of sentence entered on April 25, 2019, following his guilty plea to possession of a controlled substance contraband by an inmate.[1]  On this direct appeal, Appellant's counsel filed a petition for leave to withdraw and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967) and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5123(a.2).

The factual background and procedural history of this case are as follows. Appellant is an inmate residing at the State Correctional Institute ("SCI") at Retreat. On June 2, 2018, security staff at SCI Retreat observed a contact visit between Appellant and a female, later identified as Mary Lou Padilla. N.T. Guilty Plea Hearing, 1/24/19, at 5. Because the security staff suspected that Appellant ingested contraband during the visit, they followed "SCI Retreat protocol [and] dry-cell[ed] [Appellant]." *Id.* Appellant then notified the staff that, during the visit, Padilla "introduced a balloon containing 50 strips of Suboxone." *Id.*

On January 9, 2019, the Commonwealth filed a criminal information against Appellant.[2] Bill of Information, 1/9/19, at 1. On January 24, 2019, Appellant pled guilty to the aforementioned crime. Trial Court Opinion, 7/10/19, at 1. On April 25, 2019, the trial court sentenced Appellant to "a standard range [] of 24 to 48 months" which "was to run consecutively to the sentence [Appellant] was currently serving." *Id.* Appellant did not file a post-sentence motion. This timely appeal followed.[3]

---

[2] The Commonwealth charged Appellant with: (1) possession of a controlled substance by an inmate prohibited, 18 Pa.C.S.A. § 5123(a)(2); (2) intentional possession of a controlled substance by a person not registered, 35 P.S. §780-113(a)(16); and (3) use or possession of drug paraphernalia, 35 P.S. §780-113(a)(32). Bill of Information, 1/9/19, at 1.

[3] Appellant filed a notice of appeal on May 21, 2019. On May 23, 2019, the trial court entered an order directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). On June 11 2019, in accordance with Rule 1925(c)(4), Appellant's counsel informed

On October 4, 2019, counsel filed with this Court an **Anders** brief and a petition to withdraw as counsel.[4]  Therefore, before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel.  **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248–1249 (Pa. Super. 2015) (citation omitted).

"In order to withdraw from appellate representation pursuant to **Anders**, certain procedural and substantive requirements must be met." **Commonwealth v. Tejada**, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must,

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 359.  Substantively, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth

---

the court that he intended to file an **Anders** brief.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 10, 2019.

[4] Appellant did not file a response to counsel's petition to withdraw or to the **Anders** brief.

counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

***Commonwealth v. Hankerson***, 118 A.3d 415, 419–420 (Pa. Super. 2015), *quoting **Santiago***, 978 A.2d at 361.

In this case, we acknowledge counsel's compliance with ***Anders***' procedural and substantive requirements. "Therefore, we now have the responsibility 'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Commonwealth v. Tukhi***, 149 A.3d 881, 886 (Pa. Super. 2016), *quoting **Flowers***, 113 A.3d at 1248.

Appellant's counsel raises one issue in his ***Anders*** brief:

Whether imposing a 24 month to 48 month sentence consecutive to a sentence already imposed in another county is harsh and excessive constituting an abuse of discretion by the trial court?

***Anders*** Brief at 2.

With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." ***Commonwealth v. Ritchey***, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. ***See*** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal. ***Id***. As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.  Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

In this case, Appellant did not challenge the discretionary aspects of his sentence at the April 25, 2019 sentencing hearing[5] or file a subsequent motion to reconsider or modify his sentence.  *See* N.T. Sentencing Hearing, 4/25/19, at 1-7; Pa.R.Crim.P. 708(E).  Appellant, therefore, waived his claim

_____

[5] Counsel states that the issue involving the discretionary aspects of Appellant's sentence was preserved at the sentencing hearing "by argument." *Anders* Brief at 5.  Counsel, however, failed to raise a claim before the trial court indicating that Appellant's sentence was harsh or unreasonable.  Thus, Appellant did not give the trial court the opportunity to reconsider or modify its sentence.  We, therefore, conclude that Appellant did not properly preserve this issue for appeal and, as such, it is waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 935-936 (Pa. Super. 2013) (making clear that, to properly preserve the issue regarding the discretionary aspects of an appellant's sentence, an objection must be made after the sentence is imposed).

challenging the discretionary aspects of his sentence. *Cartrette*, 83 A.3d at 1042. "An issue that is waived is frivolous." *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 292 (Pa. Super. 2008) (holding that, in the context of *Anders*, if an issue is waived, "pursuing this matter on direct appeal is frivolous"). Accordingly, we conclude that the lone issue raised in counsel's *Anders* brief is frivolous.[6] Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw. Having determined that the issue raised on appeal are frivolous, we affirm the judgment of sentence.

_____

[6] Even if we were to reach the merits of Appellant's discretionary sentence claim, we would still conclude that he has presented a frivolous issue on appeal. The crux of Appellant's objection to his standard range sentence is that, if the trial court considered his acceptance of responsibility, the remorse he displayed, and the fact that he has incurred administrative punishment for his conduct, it would have imposed his sentence concurrently, not consecutively, as it did. *Anders* Brief at 6 and 9. The implication of a consecutive, rather than concurrent sentence, is within the discretion of the sentencing court and does not ordinarily raise a substantial question. *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010) ("Generally speaking, the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal."); *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995) ("A challenge to the court's imposing consecutive rather than concurrent sentences, however, does not present a substantial question regarding the discretionary aspects of sentence. We see no reason why [an appellant] should be afforded a 'volume discount' for his crimes.") Because Appellant failed to come forward with a substantial question, he has not presented a non-frivolous claim that compelled a merits review of his discretionary sentence challenge.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/07/2020